IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAILY EXPRESS, INC., | : | No. 1:10-CV-1168 |
| Plaintiff | : | |
| | : | (Chief Judge Yvette Kane) |
| v. | : | |
| | : | |
| MAVERICK TRANSPORTATION, LLC, | : | |
| Defendant | : | |

MEMORANDUM

Pending before the Court is Defendant Maverick Transportation's motion to dismiss Counts I and III of Plaintiff Daily Express's amended complaint as preempted under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706. (See Doc. No. 8.) Because preemption is not warranted based on the allegations in the complaint, the Court will deny the motion.

I. BACKGROUND[1]

Plaintiff Daily Express, Inc. ("Daily") is a corporation with its principal place of business in Carlisle, Pennsylvania. (Doc. No. 6 ¶ 1.) Daily is "engaged in the business of common carriage by motor vehicle in interstate commerce." (Id. ¶ 19.) Defendant Maverick Transportation, LLC ("Maverick") is a corporation with its principal place of business in Little Rock, Arkansas. (Id. ¶ 2.) Maverick avers that it is an interstate motor carrier and third-party logistics and freight forwarding company (Doc. No. 8 ¶ 3), however there are no allegations in

---

[1] In analyzing a complaint under Rule 12(b)(6), "courts 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

1

the complaint that Maverick was acting in either capacity during the transaction at issue.

Daily had an agreement with PPG Industries ("PPG"), a non-party to this action, in which PPG hired Daily for the transportation of glass from Pennsylvania to Massachussetts. (Doc. No. 6 ¶¶ 3-4, 10.) The glass was to be transported pursuant to a bill of lading that designated PPG as the shipper and Daily as the carrier.[2] (Id. ¶ 5.)

On May 7, 2009, Maverick's agents or employees loaded, strapped, secured and tarped the subject glass at the PPG plant in Cumberland County, Pennsylvania, onto a truck owned and operated by Daily. (Id. ¶¶ 8-9.) Daily then began transport of the glass to Massachusetts. (Id. ¶ 10.) During transport, the glass fell and broke. (Id. ¶ 11.) As a result, Daily paid $11,803.08 to PPG for the damaged glass and also incurred other cleanup expenses. (Id. ¶¶ 12-13, 16.)

Daily filed a complaint in the Cumberland County Court of Common Pleas on May 6, 2010, naming Maverick as defendant and seeking damages for the alleged negligent loading of the glass. (Doc. No. 1, Ex. A.) On June 1, 2010, Maverick filed a timely notice of removal. (See Doc. No. 1.) On August 12, 2010, Maverick filed its motion to dismiss Daily's amended complaint which is currently pending before the Court. (See Doc. No. 8.)

## II. DISCUSSION

In their amended complaint, Daily alleges three separate counts against Maverick. The first count alleges negligence on the part of Maverick in loading and securing the glass, thereby causing the glass to break during transport. (Doc. No. 6 ¶ 15.) The second count alternatively

---

[2] Shaw Glass Company, a non-party to this litigation, was listed as a consignee. (Doc. No. 6 ¶ 5.)

asks for damages or apportionment under the Carmack Amendment.[3]  (Id. ¶¶ 22-23.)  The third count is a claim for indemnification against Maverick.  (Id. ¶ 24.)

Maverick filed a motion to dismiss Counts I and III of Daily's amended complaint pursuant to Rule 12(b)(6).  (Doc. No. 8 at 1.)  Maverick argues that Counts I and III "are preempted and governed exclusively by the Carmack Amendment."  (Doc. No. 8-3 at 1.)  Maverick asserts that it is "an interstate motor carrier and third-party logistics and freight forwarding company," and that there was an agreement between non-party PPG and Maverick providing for the transportation of the glass at issue.  (Doc. No. 8 ¶¶ 3-4.)  Maverick contends that it hired Daily to transport the glass on behalf of PPG, and therefore the Carmack Amendment preempts any state law causes of action by Daily against Maverick.  (See id. ¶ 5.)  However, Daily alleges that it was Daily that had an agreement with PPG to transport glass.  (Doc. No. 6 ¶ 3.)  Daily specifically avers that "Maverick did not hire Daily to transport the load of glass at issue . . . in this action."  (Id. ¶ 6.)

Taking the factual averments in Daily's amended complaint as true, the issue before the Court is whether the negligence and indemnification claims against Maverick are preempted by the Carmack Amendment.  More specifically, at the motion to dismiss stage, because Maverick is only alleged to have participated in the loading of the cargo, the question is whether such activity, by itself, warrants preemption under the statute.  The Court finds that it does not.

### A. The Carmack Amendment's Broad, Preemptive Sweep Covers a Carrier's Act of Loading Cargo

"The Carmack Amendment . . . provides the exclusive cause of action for interstate

---

[3] Daily specifically reserves that they make this claim without admitting the truth of Maverick's assertion that the Carmack Amendment applies.  (Doc. No. 6 ¶ 22.)

shipping contract claims, and it completely preempts state law claims alleging delay, loss, failure to deliver and damage to property." White v. Mayflower Transit, L.L.C., 543 F.3d 581, 584 (9th Cir. 2008). "The preemptive sweep of the Carmack Amendment extends to state causes of action against carriers 'where goods are damages or lost in interstate commerce.'" REI Transp., Inc. v. C.H. Robinson Worldwide, Inc., 519 F.3d 693, 697-98 (7th Cir. 2008) (citation omitted). The Carmack Amendment provides that "[a] carrier . . . . [is] liable . . . . for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported." 49 U.S.C. § 14706(a)(1). The Amendment also provides for a right of apportionment, whereby the "carrier issuing the receipt or bill of lading . . . or delivering the property for which the receipt or bill of lading was issued is entitled to recover from the carrier over whose line or route the loss or injury occurred the amount required to be paid to the owners of the property." Id. § 14706(b). The Carmack Amendment only applies to actions against carriers or freight forwarders,[4] it does not preempt causes of action against the shipper or other non-carrier.

The dispositive question to Maverick's motion to dismiss is whether Maverick was acting as a carrier based on the allegations in the complaint. For purposes of the Carmack Amendment, the term "carrier" is defined as "a motor carrier, a water carrier, and a freight forwarder." 49 U.S.C. § 13102(3). A "motor carrier" is defined as a "person providing motor vehicle transportation for compensation." Id. § 13102(14). The term "transportation" includes: (1) "a

---

[4] A "freight forwarder" is defined as "a person holding itself out to the general public (other than as a pipeline, rail, motor, or water carrier) to provide transportation of property for compensation" that, inter alia, "uses for any part of the transportation a carrier subject to jurisdiction" under the Carmack Amendment. 49 U.S.C. § 13102(8). A freight forwarder covered by the Amendment "is both the receiving and delivering carrier." Id. § 14706(a)(2).

4

motor vehicle, vessel, warehouse, wharf, pier, dock, yard, property, facility, instrumentality, or equipment of any kind related to the movement of passengers or property," and (2) "services related to that movement, including arranging for, receipt, delivery, elevation, transfer in transit, refrigeration, icing, ventilation, storage, handling, packing, unpacking, and interchange of passengers and property." Id. § 13102(23)(A) & (B).

Considering the non-exclusive list of other activities which are covered under the statute, such as "storage, handling, [and] packing," the Court finds that loading is a "service related" to the movement of property. See Leckey v. Stefano, 501 F.3d 212, 220 (3d Cir. 2007) (using statutory interpretation canon ejusdem generis in which "a general term following specific terms should be limited to things similar to the specific terms"); see also PNH Corp. v. Hullquist Corp., 843 F.2d 586, 590 (1st Cir. 1988) ("This broad definition of transportation . . . includes all of a motor carrier's services incident to carriage and delivery."). Therefore, a carrier that participates in loading cargo onto a truck for transportation is covered by the Carmack Amendment.

### B. The Motion to Dismiss Must Be Denied Because Maverick Is Not Alleged to Have Been Acting as a Carrier When It Loaded the Cargo at Issue

Loading the cargo only gets Maverick halfway to preemption under the Carmack Amendment. Providing services related to the movement of property, by itself, is not enough to warrant preemption under the Amendment. The "crucial inquiry" is in what capacity Maverick is alleged to have acted during the transaction. See Camp v. TNT Logistics Corp., 553 F.3d 502, 507 (7th Cir. 2009) (finding that fact that company possessed a motor carrier license was not determinative over whether defendant was acting as a motor carrier for purposes of 49 C.F.R. §

5

392.9(a)(1)[5]). In order for Maverick's act of loading to be preempted, Maverick must have done so as a carrier. See 49 U.S.C. § 13102(14).

The First Circuit Court of Appeals addressed such a situation in dicta in PNH Corp. v. Hallquist Corp., 843 F.2d at 591. In PNH Corp., the defendant Hullquist recognized that its act of providing storage facilities could be considered "transportation" by a motor carrier for purposes of the Carmack Amendment, yet it argued that it was not such a carrier. Id. The First Circuit found this argument "persuasive, and possibly dispositive":

> The definition of "motor common carrier" and "motor contract carrier" each specifically include a requirement of providing "motor vehicle transportation." 49 U.S.C. §§ 10102(14) & (15). While Hullquist's activities would constitute "transportation" under the Interstate Commerce Act for a person otherwise defined as a motor carrier, they do not themselves seem to constitute "motor vehicle transportation." "Motor vehicle" is defined in 49 U.S.C. § 10102(17) as "a vehicle, machine, tractor, trailer, or semitrailer propelled or drawn by mechanical power and used on a highway in transportation . . . ." Hullquist's operations apparently are not included in this definition. Thus, although Hullquist's activities would be subject to the Act were Hullquist a "motor carrier," Hullquist cannot be a "motor carrier" because it does not engage in "motor vehicle transportation."

Id.[6]; see also Boynton v. Virginia, 364 U.S. 454, 459-60 (1960) (noting that the Interstate Commerce Act "specifically includes interstate transportation facilities and property <u>operated or controlled by a motor carrier</u> within the definition of the 'services' and 'transportation' to which the motor carrier provisions of the Act apply" (emphasis added)); Diamond Transp. Grp. v.

---

[5] The Federal Motor Carrier Safety Regulations, including 49 C.F.R. § 392.9(a), impose upon a carrier the obligation to safely secure cargo to prevent shifting during transit. See Spence v. ESAB Grp., Inc., - - F.3d - - - -, No. 09-4363, 2010 WL 4055578, at *2 (3d Cir. Oct. 18, 2010).

[6] The definition section dealing with motor carriers was previously codified as 49 U.S.C. § 10102, but it is now codified as 49 U.S.C. § 13102.

Emerald Logistics Solutions, Inc., No. 05-3828, 2006 WL 1789036, at *5 (E.D. Pa. June 21, 2006) ("Even if the Carmack Amendment does not always apply to the warehousing of goods moving in interstate transportation, the facts in this case compel a conclusion that it does here. It is evident that any warehousing function [plaintiff] performed was incidental to the main service it performed for [defendant], which was to deliver goods shipped by [defendant's] clients to their . . . customers.").

In its motion to dismiss, Maverick argues that it was the carrier because it had a bill of lading with PPG. (Doc. No. 8-3 at 1-2.) If proven to be true, Daily's claims against Maverick are likely to be preempted under the Carmack Amendment. See, e.g., Mach Mold, Inc. v. Clover Assocs., Inc., 383 F. Supp. 2d 1015, 1030 (N.D. Ill. 2005) ("Accordingly, if Clover had been authorized to transport the machine and accepted and legally bound itself to do so, it would not be a broker. Instead, Clover would be acting as a 'motor carrier' for the purposes of the ICA." (internal citation omitted)). However, taking Daily's allegations in the complaint as true, as the Court is required to do under Rule 12(b)(6), Maverick had no agreement in place with PPG nor was Maverick acting as a carrier when it loaded the cargo at issue.[7] As a result, there is no preemption under the Carmack Amendment, and the motion to dismiss Counts I and III of the amended complaint must be denied.

## IV. CONCLUSION

---

[7] The Court may reach a different conclusion at the summary judgment stage if Maverick produces copies of the transportation service agreement which it argues was in existence between Maverick and PPG. In its brief in support, Maverick points to "Exhibit A" in support of its contention that such an agreement existed. (See Doc. No. 8, Ex. A.) However, "Exhibit A" is Daily's complaint, and it directly contradicts Maverick's assertion that there was any agreement between Maverick and PPG. To the extent that such an agreement actually existed, Maverick will be permitted to produce such evidence at the summary judgment stage.

Based on the foregoing analysis, the Court will deny Maverick's motion to dismiss Counts I and III of the amended complaint as preempted by the Carmack Amendment. An order consistent with this memorandum follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAILY EXPRESS, INC.,** | : | No. 1:10-CV-1168 |
| Plaintiff | : | |
| | : | (Chief Judge Yvette Kane) |
| v. | : | |
| | : | |
| **MAVERICK TRANSPORTATION, LLC,** | : | |
| Defendant | : | |

## **ORDER**

**NOW**, on this 9th day of December 2010, upon consideration of Defendant's motion to dismiss Counts I and III of the amended complaint as preempted by the Carmack Amendment (Doc. No. 8.), it is **HEREBY ORDERED THAT** the motion is **DENIED**.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania
