IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAILY EXPRESS, INC., | : | No. 1:10-CV-1168 |
| Plaintiff | : | |
| | : | (Chief Judge Yvette Kane) |
| v. | : | |
| | : | |
| MAVERICK TRANSPORTATION, LLC, | : | |
| Defendant | : | |

## MEMORANDUM

Pending before the Court are Defendant Maverick Transportation's motion for summary judgment (Doc. No. 19), and Plaintiff Daily Express's motion to remand for lack of subject matter jurisdiction and in the alterative for summary judgment to dismiss Defendant's Carmack Amendment defense (Doc. No. 20). For the reasons that follow, the Court will remand the case.

I.  BACKGROUND

This case arises out of damages to a load of glass ("the load"), which was secured by Defendant Maverick Transportation ("Maverick"), and transported by Plaintiff Daily Express ("Daily"). Daily had an agreement with PPG Industries ("PPG"), a non-party to this action, in which PPG hired Daily for the transportation of glass from Pennsylvania to Massachusetts. (Doc. No. 20-6 ¶ 2; Doc. No. 19-3 ¶ 13.) The bill of lading for the load was issued by PPG and designated Daily as the carrier. (Doc. No. 20-4 at 30.)

On May 7, 2009, the load was delivered to a Daily trailer by PPG employees, using a mechanical crane. (Doc. No. 19-3 ¶ 14.) Jeff Nash, a Maverick employee, secured the load onto the Daily trailer pursuant to the terms of a Spotting/Securement Agreement between Maverick and PPG. (Id. ¶ 13.) The securement process involved several steps, including the use of Styrofoam, aluminum stress angles, plastic wrap, vee-boards, and straps. (Id. ¶¶ 23-26.) After

Nash secured the load, Jay Confer, an owner-operator leased to Daily, arrived at the PPG plant to pick up the trailer, and conducted an inspection of the load. (Id. ¶¶ 28-44.)

Confer then departed the PPG facility and headed towards the load's destination in Massachusetts. As Confer traveled on the ramp from eastbound Interstate 78 to northbound Interstate 287, the sheets of glass on the right side of the trailer fell and broke. (Id. ¶ 49.) As a result, Daily paid $11,803.08 to PPG for the damaged glass and paid other expenses related to the cleanup of the glass and incidental expenses. (Id. ¶ 51.)

Daily filed a complaint in the Court of Common Pleas of Cumberland County, Pennsylvania on May 6, 2010, naming Maverick as defendant and seeking damages for the alleged negligent loading of the glass. (Doc. No. 1-4.) On June 1, 2010, Maverick filed a timely notice of removal. (Doc. No. 1.) Removal was based the applicability of the Carmack Amendment, 49 U.S.C. § 14706, which governs the liability of carriers in interstate shipping contract claims. Thereafter, Daily filed an amended complaint, pleading three separate counts against Maverick: Count I, alleging negligence on the part of Maverick in loading and securing the glass, thereby causing the glass to break during transport; Count II, in the alternative, seeking damages or apportionment under the Carmack Amendment, without admitting the truth of Maverick's assertion that the Carmack Amendment applies; and Count III, seeking indemnification against Maverick. (Doc. No. 6.) On August 12, 2010, Maverick filed a motion to dismiss Counts I and III of Daily's amended complaint, arguing that the state claims are preempted by the Carmack Amendment. (Doc. No. 8.) The Court held that, on the pleadings, the Carmack Amendment does not preempt Counts I and III of the amended complaint, and thus denied the motion to dismiss. (Doc. No. 16 at 7.)

On July 14, 2011, Maverick filed a motion for summary judgment (Doc. No. 19), and Daily filed a motion to remand for lack of subject matter jurisdiction, and in the alternative, a motion for summary judgment on Maverick's Carmack Amendment defense (Doc. No. 20). Because the Court will grant the motion to remand, the Court will not address Maverick's motion for summary judgment.

## II.  DISCUSSION

In its motion to remand, Daily argues that "[t]he sole basis for federal subject matter jurisdiction in this matter is the Carmack Amendment," and that the facts prove that "the Carmack Amendment does not apply to this action and Plaintiff's state claims are not preempted." (Doc. No. 21 at 7.) In response, Maverick argues that Daily "is estopped from seeking [remand], since it has filed and perfected its claim under the Carmack Amendment," and that Daily does not have standing to argue that the Court lacks subject matter jurisdiction. (Doc. No. 26 at 9.) Maverick argues that Daily's motion to remand is barred by the doctrine of judicial estoppel, or the doctrine against the assertion of inconsistent positions. (Id.) The Court will first address Maverick's judicial estoppel argument, then the Court will address jurisdiction and the Carmack Amendment.

### A.  Judicial Estoppel

The United States Court of Appeals for the Third Circuit has explained that "[a] plaintiff who has obtained relief from an adversary by asserting and offering proof to support one position may not be heard later in the same court to contradict himself in an effort to establish against the same adversary a second claim inconsistent with his earlier contention." Scarano v. Cent. R. Co. of N. J., 203 F.2d 510, 513 (3d Cir. 1953). This doctrine of "judicial estoppel" is in place to

prevent a litigant from playing "fast and loose with the courts."  Id.

Here, Daily has brought a claim against Maverick under the Carmack Amendment. When Maverick removed this matter to federal court based on the Carmack Amendment, Daily amended its complaint to add a count under the Carmack Amendment.  Daily framed its Carmack Amendment cause of action as an alternative to its negligence cause of action, stating: "Without admitting the truth of Defendants averments [as to the applicability of the Carmack Amendment], if said averments are true, then Defendant is liable to Plaintiff pursuant to the Carmack Amendment, 49 U.S.C. § 14706."  (Doc. No. 6 ¶ 22.)  This alternative pleading is not inconsistent with Daily's argument that the Carmack Amendment does not apply in this case. Thus, Maverick's argument that Daily's motion to remand is barred by judicial estoppel is without merit.

### B. Jurisdiction and the Carmack Amendment

Even if Daily were judicially estopped from seeking remand, federal courts have an obligation to address questions of subject matter jurisdiction sua sponte.  Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999).  A removed action must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).  In its notice of removal, Maverick stated that it is an interstate carrier for hire, regulated in part under the Carmack Amendment, and that the case could be removed: (1) pursuant to 28 U.S.C. § 1441(b), as arising under a law of the United States; and (2) pursuant to 28 U.S.C. § 1445(b), as arising from a state court action against an interstate carrier to recover damages from delay, loss, or injury of a shipment where the amount in controversy exceeds $10,000.  (Doc. No. 1.)

In its brief in support of the motion to remand, Daily refers to a number facts of record, which it argues establish that the Carmack Amendment does not apply to its claims. (Doc. No. 21 at 2-3.) Daily refers to the deposition of Timothy Lawson, a safety manager for Maverick, in which he stated: (1) that the load was covered under a "Spotting Service Agreement," under which Maverick provides securement services; (2) that Maverick did not hire Daily; (3) that Maverick was not issued a bill of lading for the load; (4) that Maverick did not transport the load; (5) that Maverick only secured the load; (6) that Maverick only billed PPG for the securement of the load; (7) that the relationship between Maverick and Daily did not involve the tendering of freight; (8) that freight is tendered to Daily by PPG; and (9) that Maverick has no control over to whom PPG contracts to haul glass out of the plant. (Id. (citing Doc. No. 20-4).) In its brief in response, Maverick did not dispute Daily's factual contentions, or even respond to Daily's legal arguments as to the motion to remand, focusing instead on its judicial estoppel argument. (See Doc. No. 26.) It is, thus, undisputed that Maverick participated only in the securement of the load, whereas Daily transported the load.

The Carmack Amendment provides that "[a] carrier . . . [is] liable . . . for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported." 49 U.S.C. § 14706(a)(1). In order for Maverick's acts to be covered by the Carmack Amendment, and thus for jurisdiction to be proper in this Court, Maverick must have acted as a carrier, which is defined as "a motor carrier, a water carrier, and a freight forwarder." 49 U.S.C. § 13102(3); see also PNH Corp. v. Hullquist Corp., 843 F.2d 586, 590 (1st Cir. 1988) (where defendant acted as a warehouseman rather than as a carrier, the Carmack Amendment was not applicable). The term motor carrier is

defined as "a person providing commercial motor vehicle . . . transportation for compensation." 49 U.S.C. § 13102(14).

In the Court's order denying Maverick's motion to dismiss, the Court noted that Maverick argued that it was a carrier because it had a bill of lading with PPG, and the Court explained that "[i]f proven to be true, Daily's claims against Maverick are likely to be preempted under the Carmack Amendment." (Doc. No. 16 at 7.)  However, Maverick did not have a bill of lading with PPG, and did not "provide[] commercial motor vehicle . . . transportation for compensation" in this case.  (Doc. No. 20-4 at 5 ("That – bill of lading was not issued to Maverick Transportation.  I'm sorry for stating that wrong, because we didn't transport the load of glass.")); see also 49 U.S.C. § 13102(14).  Therefore, Maverick was not acting as a carrier when it secured the cargo at issue.  As a result, the Carmack Amendment does not apply, this Court does not have subject matter jurisdiction, and the motion to remand must be granted.

## IV. CONCLUSION

Based on the foregoing analysis, the Court will grant Daily's motion to remand, and will deny Maverick's motion for summary judgment as moot.  An order consistent with this memorandum follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAILY EXPRESS, INC.,** | : | No. 1:10-CV-1168 |
| **Plaintiff** | : | |
| | : | **(Chief Judge Yvette Kane)** |
| **v.** | : | |
| | : | |
| **MAVERICK TRANSPORTATION, LLC,** | : | |
| **Defendant** | : | |

## ORDER

**NOW**, on this 19th day of October 2011, **IT IS HEREBY ORDERED THAT** Daily's motion to remand (Doc. No. 20) is **GRANTED**, and that this case is **REMANDED** to the Court of Common Pleas of Cumberland County, Pennsylvania. **IT IS FURTHER ORDERED THAT** Maverick **SHOW CAUSE** on or before October 31, 2011, why costs and attorney's fees associated with removal and remand should not be awarded. Maverick's motion for summary judgment (Doc. No. 19) is **DENIED AS MOOT**.

                                              S/ Yvette Kane
                                              Yvette Kane, Chief Judge
                                              United States District Court
                                              Middle District of Pennsylvania