IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAILY EXPRESS, INC.,** | : | No. 1:10-CV-1168 |
| Plaintiff | : | |
| | : | (Chief Judge Yvette Kane) |
| v. | : | |
| | : | |
| **MAVERICK TRANSPORTATION, LLC,** | : | |
| Defendant | : | |

## MEMORANDUM ORDER

On December 21, 2011, the Court issued an order granting Plaintiff Daily Express's request for attorney fees and costs pursuant to 28 U.S.C. § 1447(c).  (Doc. No. 43.)  The Court ordered Maverick to reimburse Daily for actual costs and expenses, including reasonable attorney fees, incurred as a result of the removal of this case to this Court, and ordered Daily to file an affidavit of costs and expenses, together with a supporting invoice.  On January 3, 2012, Daily filed an affidavit of costs and fees, stating that Plaintiff was required to incur costs and fees that it would not have incurred in a state court arbitration were it not for Maverick's removal in the amount of $13,222.07.  (Doc. No. 44.)  Daily attached an invoice in support of its affidavit.  (Doc. No. 44-1.)  On January 17, 2012, Maverick filed a response to Daily's affidavit, arguing that its removal was reasonable, and that Daily's fees and costs are "unreasonable, excessive, duplicative and outrageous under the circumstances."  (Doc. No. 45.)

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  The Court has

determined that Maverick lacked an objectively reasonable basis for seeking removal pursuant to the Carmack Amendment, because Maverick lacked an objectively reasonable argument that it was a "carrier," as required for the Carmack Amendment to be applicable. (Doc. No. 43.) Therefore, the only remaining issue for the Court is whether the fees and costs cited in Daily's affidavit are reasonable, and related to Maverick's removal.

Daily seeks fees and costs in the amount of $13,222.07, including: (1) $35.00 for 0.2 hours at a rate of $175 per hour, related to Maverick's removal petition; (2) $2,419.00 for 6 hours at a rate of $175 per hour, 4.1 hours at a rate of $150 per hour, and 5.8 hours at a rate of $130 per hour, related to Maverick's motion to dismiss; (3) $887.07 for 4.9 hours at a rate of $175 and $29.57 in costs, related to case management that is required in federal court but not in state court; (4) $4.794.50 for 6.3 hours at a rate of $175 per hour, 28.2 hours at a rate of $130 per hour, and 0.4 hours at a rate of $65 per hour, related to Daily's motion to remand and for summary judgment, including researching and drafting the motion, the brief in support, and a reply brief; and (5) $5,086.50 for 7.3 hours at a rate of $175 per hour, and 29.3 hours at a rate of $130 per hour, related to Maverick's motion for summary judgment.

After reviewing Daily's affidavit of costs and fees, and its invoice attached thereto, the Court finds that all of the rates, and the amounts of time spent on each matter, are reasonable. However, the Court is not satisfied that not all of these costs and fees were "incurred as a result of the removal." See 28 U.S.C. § 1447(c). First, the Court agrees that the fees and costs related to Maverick's removal petition, and Daily's motion to remand were incurred a result of removal. However, the same cannot be said for the costs and fees related to Maverick's motion to dismiss, case management in federal court, and Maverick's motion for summary judgment. The Court is

without sufficient information to support a finding that these fees and costs were incurred as a result of the removal.

**ACCORDINGLY**, on this 7th day of February 2012, **IT IS HEREBY ORDERED THAT** Defendant Maverick shall reimburse Plaintiff Daily for attorney fees and costs associated with the removal of this action in the amount of $4,829.50.  The Court declines to award Daily attorney fees and costs associated with Maverick's motion to dismiss, Maverick's motion for summary judgment, or case management in federal court.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania
